```
                                          RECEIPT # 64642
                                          AMOUNT $ 250
       UNITED STATES DISTRICT COURT       SUMMONS ISSUED Y-1
        DISTRICT OF MASSACHUSETTS         LOCAL RULE 4.1_____
                         CIVIL DOCKET #   WAIVER FORM_____
                                          MCF ISSUED_____
                                          DPTY. CLK. ß
                                                     6-1-05
```

CHESTER J. CHALUPOWSKI, Jr.
MALGORZATA B. CHALUPOWSKI
            Plaintiffs

V.

SHARON D. MEYERS              05 11138 GAO
        Defendant

MAGISTRATE JUDGE Boula

### VERIFIED COMPLAINT

#### JURISDICTIONAL BASIS

1. Plaintiffs claim federal jurisdiction pursuant to Article III, Paragraph 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

2. Plaintiffs bring this suit pursuant to Title 42 U.S. Code, Paragraph 1983 for violations of certain protections guaranteed to them by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Federal Constitution, by the Defendant under color of law in her purported capacity of a guardian ad litem.

1

Chalupowski, Judith Chalupowski-Venuto and their mother, Mary Jane Chalupowski, were co-defendants in several Probate Court actions brought against them by Donna Chalupowski. Judith Chalupowski-Venuto is neither an infant nor a person under any disability.

7. On December 4, 2001, Defendant, Sharon D. Meyers, filed with the Probate Court in Salem, purportedly on behalf of Judith Chalupowski-Venuto, a 14-page "memorandum of law" in opposition to an order issued by the Probate Court in Salem on February 13, 2001. In the "memorandum of law" filed in opposition to an order issued 10 months earlier, Defendant intentionally misrepresented the truth to the court and made false and slanderous statements about Chester J. Chalupowski, Jr. and one of his former counsel.

8. On January 29, 2002, Defendant filed with the Probate Court in Salem "Motion of Guardian ad Litem for Further Clarification of Role." On February 20, 2002, the Probate Court issued an order expanding the role of guardian ad litem to be consistent with the M.G.L. 201, par. 34, and ordering Judith Chalupowski-Venuto "to submit to a mental and physical examination, at

her expense, to determine if she may qualify as a person under disability." Judith Chalupowski-Venuto did not comply with said order and never submitted to said examination. Nevertheless, Defendant, Sharon D. Meyers, has been purporting to act as her guardian ad litem ever since.

9. On February 4, 2002, by providing false information to the Appeals Court of the Commonwealth of Massachusetts, Defendant circumvented proper appellate procedures, and obtained a stay of execution of orders issued by the Salem District Court in October and December 2001.

10. While acting in her purported capacity of a guardian ad litem, on June 9, 2002, Defendant filed with the Appeals Court a "Status Report," in which she knowingly made false and misleading statements, and claimed that a document attached to her "Status Report" as an exhibit, constituted a pleading previously filed with the trial court. Said pleading entitled "Petition of Judith Venuto to Remove Chester J. Chalupowski, Jr. as Trustee of 26-30 Andrew Street Realty Trust," and dated January 14, 2002, was never

filed with the trial court, and did not exist in the trial court's file until after it was presented to the Appeals Court on June 9, 2002.

11. Having committed the fraud on the Appeals Court, Defendant proceeded to commit another fraud, this time on the Probate and Family Court in Salem, and sometime after June 9, 2002, inserted the "Petition" dated January 14, 2002, into the Probate Court's file. The document dated January 14, 2002 was never docketed with the Probate Court.

12. On August 1, 2002, Defendant filed with the Appeals Court yet another pleading containing fraudulent and misleading statements concerning the trial court proceedings. Consequently, on August 6, 2002, the Appeals Court issued a mistaken interlocutory ruling containing, oddly, large fragments 'borrowed' from the Defendant's "memorandum of law" filed with the Probate and Family Court in Salem on December 4, 2001.

13. On or around November 8, 2002, Defendant caused a Probate Court Clerk to tamper with the court record and changed the docket sheet entries pertaining to a

frivolous complaint for contempt filed by her with the Probate Court against Chester Chalupowski.

14. In or around February 2003, Defendant issued a deposition subpoena duces tecum under the docket number of a case filed by another lawyer on behalf of his client. In said subpoena, Defendant falsified the name of the plaintiff by removing the name of the actual plaintiff and replacing it with the name of Judith Chalupowski-Venuto. In said subpoena, Defendant also falsified the subject matter of the case. Defendant served the subpoena containing falsified information on the Keeper of the Records of the Eastern Bank. Consequently, the bank released to the Defendant all the records demanded in the subpoena.

15. On February 23, 2003, also by issuing a subpoena under the docket number of a case filed by another lawyer, and containing a falsified name of the plaintiff, as well as false subject matter of the case, Defendant, obtained a court order pursuant to which she was allowed to depose Chester Chalupowski.

16. In or around July 2003, Defendant committed obstruction of justice by influencing local Police as well as the Office of State Police to forgo a criminal investigation regarding an over $30,000.00 fraud that occurred on a bank account belonging to Mary Jane Chalupowski, the 85-year-old mother of Plaintiff, Chester Chalupowski. Said account was established by Plaintiff, Chester J. Chalupowski, in his capacity as lawful Power of Attorney granted him by his mother.

17. On December 24, 2003, Defendant filed with the Appeals Court a frivolous Complaint for Contempt against Chester Chalupowski, purportedly on behalf Judith Chalupowski-Venuto. Judith was not informed about the filing of the pleading and denied having any interest in pursuing any claims against her brother, Chester.

18. Between early 2002 and mid 2004, while purporting to act as guardian ad litem for Judith Chalupowski-Venuto, Defendant filed with the Probate Court in Salem numerous pleadings under docket numbers belonging to cases dismissed and appealed in December 2001. By filing her pleadings under docket numbers of dismissed cases, Defendant conspired with several

other lawyers involved in the Probate Court litigation, who were also filing their pleadings under docket numbers of dismissed cases. Defendant and all other court officers involved in the Probate Court litigation were acting with the same ulterior motive of personal profiteering.

19. On and around May 12, 2004, Defendant committed fraud on the court by making false and slanderous statements regarding personal assets belonging to Chester and Malgorzata Chalupowski invested with several financial institutions. Said fraud was committed in open court.

20. While having no legal standing in the proceedings pending before the Probate Court, on May 14, 2004, Defendant obtained a capias for Chester Chalupowski's arrest, and caused the Essex County Sheriff to act upon it immediately, by misrepresenting the nature of the court issued document.

21. On May 24, 2004, and May 25, 2004, after being confronted with the fact that her "Petition" dated January 14, 2002, was never filed with the Probate Court, Defendant made false statements in open court,

and fabricated several conflicting excuses why the questioned document was never docketed.

22. On June 1, 2004, Defendant filed with the Probate Court over a 100-page long "Motion for Attorney's Fees" asking the Court to award her over $80,000.00 in fees purportedly accumulated while acting as "guardian ad litem" for Judith Chalupowski-Venuto. Said motion was accompanied by a 26-page document, entitled "Proposed Findings." In said document, Defendant knowingly made numerous false and fraudulent statements. Said "Proposed Findings" were later adopted verbatim by the Probate and Family Court in Salem, and issued by said Court as its order dated August 17, 2004.

23. On June 10, 2004, Defendant filed with the Boston Police a report containing false statements concerning an incident that occurred after a hearing that took place on that day at the Appeals Court.

24. On August 31, 2004, based on the false information provided by her to the court, Defendant obtained an order of attachment of bank accounts belonging to

Chester and Malgorzata Chalupowski. Consequently, over $400,000.00 of funds belonging to Chester and Malgorzata Chalupowski, were seized, liquidated and distributed among the officers of the court who actively participated in the scheme.

25. On September 27, 2004, Defendant filed with the Probate and Family Court in Salem, her "Supplemental Motion for Attorney's Fees," in which she made false and misleading statements regarding additional "fees" allegedly owed to her.

26. On November 24, 2004, Defendant accepted a check in the amount of $78,606.98, in alleged "attorney's fees" generated in the process of perpetrating the multi-layered fraudulent scheme described above.

## COUNT ONE

### FRAUD

27. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

28. The Plaintiffs believe and therefore aver that allegations contained in paragraphs 6 through 26 constitute an ongoing fraud committed by the Defendant acting under color of law.

## COUNT TWO

### FRAUD ON THE COURT

29. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

30. The Plaintiffs believe and therefore aver that allegations set forth in paragraphs 6 through 26 constitute multiple instances of fraud on the court committed by the Defendant acting under color of law.

## COUNT THREE

### PERJURY

31. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

32. The Plaintiffs believe and therefore aver that allegations set forth in paragraphs 6 through 26 constitute multiple instances of perjury committed by the defendant acting under color of law.

## COUNT FOUR

### ABUSE OF PROCESS

33. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

34. The Plaintiffs believe and therefore aver that allegations set forth in paragraphs 6 through 26 constitute multiple instances of abuse of process committed by the Defendant acting under color of law. Defendant had an ulterior motive and used the legal process for an improper, collateral objective, which was generating extortionate attorney's fees for herself and other court officers.

## COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26 above.

36. The Plaintiffs believe therefore aver that allegations set forth in paragraphs 6 through 26 constitute conduct that is extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community. The Plaintiffs suffered, as a

12

result of the Defendant's actions committed under color of law, severe emotional distress of such nature that no reasonable person could be expected to endure.

## COUNT SIX

### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

37. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26.

38. The Plaintiffs believe and therefore aver that allegations set forth in paragraphs 6 through 26 constitute interference with advantageous business relations committed by the Defendant under color of law.

## COUNT SEVEN

### OBSTRUCTION OF JUSTICE

39. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26.

40. The Plaintiffs believe and therefore aver that allegations set forth in paragraph 16 constitute obstruction of justice committed by the Defendant acting under color of law.

## COUNT EIGHT

### OBSTRUCTION OF CRIMINAL INVESTIGATION

41. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26.

42. The Plaintiffs believe and therefore aver that allegations set forth in paragraph 16 constitute obstruction of criminal investigation committed by the Defendant acting under color of law.

## COUNT NINE

### OBSTRUCTION OF STATE AND LOCAL LAW ENFORECEMENT

43. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26.

44. The Plaintiffs believe and therefore aver that allegations set forth in paragraph 16 constitute obstruction of state and local law enforcement committed by the Defendant acting under color of law.

## COUNT TEN

### CONSPIRACY

45. The Plaintiffs hereby repeat, re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 26.

46. The Plaintiffs believe and therefore aver that allegations set forth in paragraphs 18 and 24 constitute conspiracy committed by the Defendant acting under color of law, in collusion with several other officers of the court also acting under color of law.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray this Honorable Court issue relief as follows:

1. Enter a judgment in their favor against the Defendant, Sharon D. Meyers, pursuant to Counts One through Ten, awarding them monetary damages actually suffered by them as a result of the Defendant's actions.

2. Enter a judgment in their favor against the Defendant, Sharon D. Meyers, pursuant to Counts One through Ten, awarding them compensatory damages.

3. Enter a judgment in their favor against the Defendant, Sharon D. Meyers, pursuant to Counts One through Ten, awarding them punitive/exemplary damages.

4. Refer the criminal acts committed by the Defendant to the appropriate law enforcement authorities.

5. Issue such other relief as this Court deems proper and just.

6. Award Plaintiffs their costs of litigation.

### JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted Pro Se

Chester J. Chalupowski          Malgorzata Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

June 1, 2005

### STATEMENT OF VERIFICATION

We have read the above complaint and it is correct to the best of our knowledge.

Chester J. Chalupowski          Malgorzata B. Chalupowski

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CHESTER J. CHALUPOWSKI
MALGORZATA B. CHALUPOWSKI

**DEFENDANTS**
SHARON D. MEYERS

(b) County of Residence of First Listed Plaintiff  ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  ESSEX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)
05 11138 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent |  |
|  | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | PERSONAL PROPERTY |  |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights |  |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC par. 1983    18 U.S.C. par. 1503, 1510, 1511
Brief description of cause:
Violation of right guaranteed by Fed. Const. under color of law

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE  04-11277 - GAO   05-10024-RGS
        05-10083 - NMG
DOCKET NUMBER

DATE  6-1-05
SIGNATURE OF ATTORNEY OF RECORD
Malgorzata Chalupowski, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   _____ CHALUPOWSKI  v.  MEYERS _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   05 11138 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   _____ CHALUPOWSKI  v.  BERRY   #04-11277-GAO _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                        YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                        YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                        YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  _____ MALGORZATA CHALUPOWSKI, Pro Se _____
ADDRESS  _____ 119 Water St. #65, Beverly, MA 01915 _____
TELEPHONE NO.  _____ (978) 921-4945 _____

(CategoryForm.wpd -5/2/05)