UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CHESTER J. CHALUPOWSKI, Jr. and )
MALGORZATA B. CHALUPOWSKI, )
    Plaintiffs, )
     )
     ) CIVIL ACTION NO.
v. ) 05-1138-GAO
     )
SHARON D. MEYERS, )
    Defendant. )

DEFENDANT'S MEMORANUM IN SUPPORT OF HER MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON THE PLEADINGS

Now comes the Defendant, Sharon D. Meyers, and moves this honorable court to dismiss the within complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as this court does not have jurisdiction over the subject matter and Plaintiffs[1] have failed to state a claim upon which relief can be granted. In addition, Plaintiffs complaint is a defacto appeal of a decision issued in the Essex County Probate & Family Court (Massachusetts) and is barred under the _Rooker-Feldman_ doctrine. The Plaintiffs filed a forty-six paragraph complaint, alleging ten counts against the Defendant. All of the alleged acts occurred during the course of the Defendant acting as the Guardian Ad Litem for the Plaintiff Chester Chalupowski, Jr. sister, Judith Chalupowski-Ventuto.

SUMMARY OF THE PROCEEDINGS

---

[1] At all times pertinent thereto, Chester Chalupowski, Jr. was unmarried. His marriage to Malgorzata occurred after the actions alleged in these proceedings. At no time was Malgorzata a party to those proceedings. She lacks standing to challenge those proceedings.

1

The Plaintiffs correctly state that the Defendant accepted an appointment as Guardian Ad Litem for Judith Chalupowski-Venuto,[2] sister of Chester Chalupowski with reference to multiple Essex County Probate & Family Court matters, with various docket numbers, Docket Numbers 94P 0314-C1, 01E 0005 GC1, 00E 0126 GC1 and 00E 0127 GC1, and various iterations of plaintiff and defendant. (See Complaint, para. 6)[3] See Exhibit 1. In essence, all were related to claims by or against the three Chalupowski siblings, Chester, Judith and Donna, over the interpretation and management of funds and real estate held for the benefit of their mother, Mary Jane Chalupowski. At the time of the Defendant's appointment, the cases were referred to collectively by the Essex Probate and Family Court as *In Re: The Matter of the Chalupowski Family Trust and the 26-30 Andrew Street Realty.*[4] Some matters were dismissed and the case that was tried was Docket No. 00E-0127-GC1.

In Defendant's capacity as Guardian Ad Litem, various actions were taken on behalf of Judith, including filing memorandums of law, motions for clarification, and appearing at trial on behalf of Judith. (See Complaint, paras. 7, 8 14, 15, 18, 22) On August 17, 2004, judgment entered against Chester Chalupowski. (See Complaint, para.

---

[2] Inasmuch as many of the individuals involved in the litigation are people with the surname of Chalupowski, for ease of identification, the various Chalupowski individuals will be referred to by their first names.

[3] Reference will be made to various paragraphs of Chester's complaint. By referencing said paragraphs Defendant specifically does not adopt the facts asserted therein.

[4] Other than these cases, the siblings also instituted other actions against one another in Essex Probate & Family Court, Docket No. 94P-0314-C1 and 94P-0324-EA1, which were disposed of by the time Defendant was appointed Guardian Ad Litem. In addition, there were two Salem District Court actions by Chester against his sisters, attempting to evict them from their residences, on the grounds of non-payment of rent, Salem District Court, Docket No. 0136 CV 1361 (against Judith) and Salem District Court Docket No. 0136 CV 1360 (against Donna), Donna against Chester in Essex County Superior Court, Docket No. 93-2465B, Chester against Donna, Essex County Superior Court, Docket No. 04-0879-A. Chester has also brought suit against various opposing parties, including the attorney for Donna, the Trustee appointed by the Essex Probate & Family Court, Essex Superior Court Docket No. ESCV2004-02090B, restraining orders against Chester by Donna and Donna by Chester, Salem District Court Docket Nos. 9536 RO 672 and 9836 RO 510.

22). As part of the decision by the lower court, attorney's fees were granted to the counsel for various parties, including this Defendant, as well as the Guardian Ad Litem for Mary Jane Chalupowski, (Chester's mother) and the attorney for Donna Chalupowski, Chester's other sister. [5] (See Complaint, paras. 22, 25, 26). A substitute Trustee for the various trusts was appointed, and pursuant to the Essex Probate Court order, funds were seized and administered by the newly appointed Trustee and Receiver Anthony M. Metaxes.[6] (See Complaint para. 24)

Chester also appeared before the Massachusetts Appeals Court in a Complaint for Contempt, *In re the Matter of the Chalupowski Realty Trust*, Massachusetts Appeals Court Docket No. 02-J-57. Between the two days of hearing, Chester brought action against that court in this court. Complaint, para.17. As a result of the hearing on the Complaint for Contempt, on June 8, 2004, Chester and Malgorzata filed a complaint against Justice Janis M. Berry, individually and in her capacity as Associate Justice of the Appeals Court of Massachusetts. The U.S. District Court dismissed the action on September 9, 2004. See *Chalupowski v. Berry*, U.S. District Court Civil Action No. 1:04-cv-11277-GAO.

In addition, Chester and Malgorzata filed complaints against the two Probate Court Judges in this court. Both matters have been dismissed. See *Chalupowski v. John C. Stevens, III, individually and in his official capacity as Chief Justice of the Essex Probate and Family Court Probate Court Judge,* U.S. District Court Civil Action No. 1:05-cv-10023-NMG, dismissed on June 13, 2005, *Chalupowski v. Peter C. DiGangi,*

---

[5] Chester and Malgorzata brought suit against his sister Donna, Essex Superior Court Civil Action No. ESCV2004-00879. Chester brought suit against his sister's attorney Joseph Corona, Essex Superior Court Civil Action No. ESCV2003-1841-D.
[6] Chester and Malgorzata brought suit against the Trustee, Anthony Metaxes, Essex Superior Court Docket No. ESCV2004-02090B.

*individually and in his official capacity as Associate Justice of the Probate and Family Court of Essex County,* U.S. District Court Civil Action No. 1:05-cv-10024-RGS, dismissed March 14, 2005.

In this action, Plaintiffs have alleged fraud, fraud on the court, perjury, abuse of process, intentional infliction of emotional distress, interference with advantageous business relations, obstruction of justice, obstruction of criminal investigation, obstruction of state and local law enforcement, and claim that this court has jurisdiction on the basis that 42 U.S.C. §1983 this Defendant under color of law in the capacity of guardian ad litem is subject to suit and under 18 U.S.C. §§1503, 1510 and 1511. No exhibits were attached to the Complaint. No cover sheet was filed.

## ARGUMENT

This court has consistently held that judges have absolute immunity from civil liability of all normal and routine judicial acts. *Stump v. Sparkman*, 435 U.S. 348, 356-57 (1978). The three judges involved with the Plaintiff Chester have all taken actions adverse to Plaintiff Chester's perceived interest, and he brought suit against them, in addition to appeal the decisions of the court.

This court has held that guardian ad litems are non-judicial persons fulfilling quasi-judical functions, a similar position adopted by the Massachusetts courts, and as such, a guardian ad litem is "entitled to the same absolute immunity as judges." *Cok v. Cosentino*, 876 F.2d. 1, 4 (1989). *Archambault v. Printzlau*, 1990 U.S. Dist. LEXIS 10432 (1990). See also *Sarkisian v. Benjamin*, 62 Mass. App. Ct. 741, 746, 820 N.E. 2d 263, 267 (2005). "Allegations of malice, bad faith or conspiracy will not defeat the protection of derivative absolute immunity for actions taken pursuant to court orders."

4

*Cok*, supra. On that basis alone, this court should grant Defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). However, given the seriousness of the allegations, this court should assess the allegations contained in Plaintiffs' complaint further.

The Defendant's appointment as Guardian Ad Litem was to act on behalf of the Plaintiff Chester's sister, Judith. The actions complained of by Plaintiffs are as a result of the Defendant's representation of her client, or as a result of the Essex Probate and Family Court or the Massachusetts Appeals Court consideration of various submitted writings, the adoption or partial adoption of some of the Defendant's writings, which resulted in adverse decisions or actions by the Essex Probate and Family Court or the Massachusetts Appeals Courts. The Plaintiffs are asking this court to review the actions and pleadings taken in those cases, claiming that those actions or pleadings filed, are under "color of law". What is really being asked is for this court to review the actions and pleadings of the Defendant, where the court's action was adverse to the Plaintiffs desired outcome. It is fundamental that "Federal Courts do not have jurisdiction pursuant to §1983 to review the judgments and decisions of state courts." *Hill v. Town of Conway*, 193 F.3d 33, 41 (1st Cir. 1999)(quoting Erwin Chemerinsky, Federal Jurisdiction 423 (1994).

There must have been acts committed "under color of law" for the federal court to assume jurisdiction. It is unclear whether a quasi-judicial officer such as a guardian ad litem is a private person or subject to absolute immunity. However, even if this court were to determine that the Defendant's appointment as guardian ad litem was more as a private person, 42 U.S.C. §1983 does not provide relief against most private individuals. *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 51 (1st Cir. 2000). The private

individual must be a willful participant in a corrupt joint action with the State or its agents. *Dennis v. Sparks,* 449 U.S. 24, 28 (1980). The Plaintiffs have not alleged that the Guardian ad Litem engaged in any such joint action with any agent or arm of the state. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor." *Id.* There is no "color of law" under which this Defendant acted to rise to the level of a state actor.

At best, Plaintiffs allege nothing more than improper motives and misrepresentations on the part of the Defendant. The Plaintiffs allege that the assessment of evidence by the Defendant contrary to their own assessment, must rendered the Defendant's opinion fraudulent, false or filled with misstatements. The fact that there were hearings held where both Plaintiff Chester, his then fiancée, and Plaintiff Chester's counsel of the moment and Defendant appeared, and the court, whether it be the Essex County Probate & Family Court or the Massachusetts Appeals Court adopted the view held by the Defendant rather than that held by the Plaintiff Chester, is insufficient to imbue the Defendant's actions "color of law" or sufficient state action to allow this court to find jurisdiction under §1983. *Gonzales-Morales v. Hernandez-Arencibia,* 221 F. 3d 45, (1st Cir. 2000). See also, *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.,* 984 F.2d 401, 404 (11th Cir. 1993)(no §1983 claim for misuse of attachment procedures); *Jones v. Poindexter,* 903 F.2d 1006, 1011 (4th Cir. 1990) (no §1983 claim regarding, misuse of state process); *Hassett v. LeMay Bank & Trust Co.,* 851 F.2d 1127, 1130 (8th Cir. 1988) (no §1983 claim, regarding misuse of replevin).

Indeed an argument may be made that this matter should be dismissed under the *Rooker-Feldman Doctrine.* A thorough review of this complaint, in conjunction with the

other complaints filed against Justices Berry, Stevens and DiGangi, reveal that these Plaintiffs are seeking to cast the Defendant's actions in a manner to circumvent the normal appellate process. The Plaintiff, Chester, lost his case in the Essex Probate and Family Court. He was removed as Trustee of various family trusts, was forced to reimburse those trusts and was ordered to pay attorneys fees. Rather than use the normal appellate process, he has sought, in his actions against Judges DiGangi and Stevens, and now this Defendant, to have this court review the proceedings below.

The Plaintiffs seek the Federal court's jurisdiction to bootstrap a review of the proceedings. This court should not allow the multitudinous use of adjectives detract from the true issue. [7] This is nothing more than a "forbidden de facto appeal" that is "'inextricably intertwined'" with the state court judicial decision. *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

In addition, Plaintiffs have alleged jurisdiction based on 18 U.S.C. §§1503, 1510 and 1511. It is helpful to review the statutory language of each section in determining whether there are any facts alleged by the Plaintiffs to substantiate jurisdiction based on these statutes. [8] 18 U.S.C. § 1503, is a prohibition against obstruction of justice, and states in pertinent part:

> (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede… officer in or of any court of the United States… in the discharge of his duty, or injures … any such officer, … in his person or property on account of the

---

[7] The Defendant's actions on behalf of her client are deemed "intentional misrepresentations" "false and slanderous" (Complaint, Para. 7, 19 ). "fraudulent and misleading" (Complaint, Para. 12), "tamper" (Complaint, Para. 13), "frivolous complaint for contempt" (Complaint, Para. 14), "falsified the name" "false subject matter" (Complaint, Para. 15) "obstruction of justice" (Complaint, Para. 17), "conspired with several other lawyers involved in the Probate Court litigation (Complaint, Para.18) "ulterior motive of personal profiteering" (Complaint, Para. 18). "false statements" (Complaint, Para. 23, 24, 25) "multilayered fraudulent scheme" (Complaint, Para. 26).
[8] It is unclear whether Plaintiffs have a private right of action under the United States Code. However, that matter need not be reached by this court.

> performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

The Complaint is devoid of any fact that would substantiate corruption, threat, force, threatening letter or communication, or efforts to influence, intimidate or impede any officer in any court of the United States.

18 U.S.C. §1510 prohibits the obstruction of a criminal investigation. It states, in pertinent part:

> (a) Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both.

The Complaint is devoid of any allegation that the Defendant attempted, by means of bribery, to obstruct, delay or prevent the communication of any information to a police department or member of the Massachusetts State Police.

18 U.S.C. §1511, prohibits the actions of two or more persons in the obstruction of state or local law enforcement. It states, in pertinent part:

> (a) It shall be unlawful for two or more persons to conspire to obstruct the enforcement of the criminal laws of a State or political subdivision thereof, with the intent to facilitate an illegal gambling business if--
>   (1) one or more of such persons does any act to effect the object of such a conspiracy;
>   (2) one or more of such persons is an official or employee, elected, appointed, or otherwise, of such State or political subdivision; and
>   (3) one or more of such persons conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business.
>
> (b) As used in this section--
>   (1) "illegal gambling business" means a gambling business which--
>     (i) is a violation of the law of a State or political subdivision in which

>   it is conducted;
>       (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
>       (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $ 2,000 in any single day.

The Complaint is devoid of any allegations of conspiracy, is devoid of any allegation that this Defendant did anything to obstruct law enforcement actions, and certainly the complaint contains no allegations that there was an intent to facilitate an illegal gambling business. Thus, this court does not have subject matter jurisdiction of Plaintiffs' complaint, and the complaint should be dismissed under Fed. R. Civ. P. 12 (b)(1).

This court should also review each factual allegation of the complaint. Upon such review, this court should dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12 (b)(6). With reference to claims of fraud or mistake, the circumstances constituting the fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). The complaint is devoid of specific averments of fraud. In many instances, the facts alleged are elements that were addressed by the Essex Probate and Family Court, and are the subjects on appeal.

Plaintiffs allege broad sweeping statements, "Defendant intentionally misrepresented the truth to the court and made false and slanderous statements about Chester..." Complaint, para. 7. However, Plaintiffs fail to state what was intentionally misrepresented, what was false, or what was slanderous. Plaintiffs attempt to challenge the appointment of the Guardian Ad Litem, a claim brought in the Essex Probate and Family Court, which was denied in that court on numerous occasions, allowing the Defendant to continue to represent Judith. Complaint, para. 9. Plaintiffs complain that the "Defendant provid[ed] false information to the Appeals Court" and that proper

appellate procedures were circumvented. Complaint, para. 9. However, Plaintiffs fail to state what the false information was or what appellate procedures were sidestepped.[9] Plaintiffs state that within the confines of a Status Report filed with the Appeals Court, various false and misleading statements were made. However, Plaintiffs fail to state what those false and misleading statements were. Complaint, para. 10, 11. Plaintiffs suggest that other pleadings filed with the Appeals Court contained further fraudulent and misleading statements, and state that the Appeals Court issued a "mistaken interlocutory ruling" Complaint, para. 12. However, Plaintiffs fail to state what those false and misleading statements were. If the Appeals Court issued a "mistaken interlocutory ruling," this is not the proper forum for review. Plaintiffs claim that the Defendant caused a clerk of the Probate Court to tamper with a court record and to change a docket sheet concerning a complaint for contempt. Complaint, para. 13. Plaintiffs do not allege who the clerk was, what the tampering was or how the docket sheet was altered, or even what the allegations of contempt were, that were filed against the Plaintiff Chester.

Plaintiffs convolutedly alleges that that Defendant caused a subpoena to be served containing falsified information, however, the Plaintiffs fail to allege what exactly what that falsified information contained or how the Plaintiffs were damaged as a result of the issuance of the subpoena to Eastern Bank or the deposition notice to Chester. Complaint, para. 14 and 15. Plaintiffs fail to allege what the Defendant did to influence local Police or the Office of the State Police to forego a criminal investigation. Complaint, para. Plaintiffs fail to state the basis for which they claim the complaint for contempt filed in the Appeals Court was frivolous. Complaint, para. 17. In any event, the proper forum to

---

[9] The Defendant suggests that the Massachusetts Appeals Court does not allow the circumvention of any appellate procedure.

review an action occurring in the Massachusetts Appeals Court is the Massachusetts Appeals Court, or, upon further review, the Massachusetts Supreme Judicial Court.

Plaintiffs fail to state how the use of the multitude of docket numbers on pleadings caused injury to the Plaintiffs. Complaint, para. 18. Plaintiffs fail to state what the fraudulent, false or slanderous statements were concerning their personal assets. Complaint, para. 19. Plaintiffs fail to state why Defendant had no legal standing before the Essex Probate and Family Court on May 14, 2004, fail to state what court issued document was misrepresented, or how the Defendant wrongfully obtained a capias for the Plaintiff Chester's arrest. Complaint, para. 20. Plaintiffs fail to state what the false statements were claimed to have been made in the Essex Probate and Family Court concerning docketing. Complaint, para. 21. Plaintiffs fail to state what in the Defendant's Proposed Findings submitted after trial of the matter before the Essex Probate and Family Court were false or fraudulent or what in the Essex Probate and Family Court decision of August 17, 2004 was false of fraudulent. Complaint, para. 22. To the extent the Plaintiff objects to the August 17, 2004 Procedural History, Findings of Fact, Rationale and Judgment, of DiGangi, J., that is a matter properly taken up in the Massachusetts Appeals Court, not this court. Plaintiffs fail to state what false statements were made to the Boston Police concerning an incident that took place in the Appeals Court. Complaint, para. 23. Plaintiffs fail to state what false information was submitted to the court to allow the Essex Probate and Family Court to issue an order attaching various bank accounts. Plaintiff fails to identify the funds seized, liquidated or distributed among the officers of the court or even which officers of the court were involved. Complaint, para. 24.

Plaintiffs fail to state what false and misleading statements were made concerning Defendant's Supplemental Motion for Attorney's Fees, or how such statements damaged the Plaintiffs. Complaint, para. 25. Plaintiffs fail to state with specificity the "process of perpetrating the multi-layered fraudulent scheme" which the Defendant allegedly engaged in. Complaint, para. 26.

In all, the Plaintiffs have failed to state a claim upon which relief can be granted. The Plaintiffs do not have jurisdiction based on 14 U.S.C. § 1983, nor do they have jurisdiction based on 42 U.S.C. §§1503, 1510 or 1511.

## Conclusion

For the above stated reasons, this court should dismiss the within complaint, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6) and lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12 (b)(1), with prejudice and with costs.

Respectfully submitted,

_____
Sharon D. Meyers, Esq.
BBO#344680
30 Federal Street, Suite 200
Salem, MA 01970
(978) 745-0585

Dated: June 19, 2005

I hereby certify that a true copy of the above document was served upon each party appearing pro se and/or the attorney of record for each other party by first class mail, or by hand, or by facsimile

_____
Dated: June 19, 2005

12