**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**CIVIL DOCKET #2005-11138-MEL[1]**

**CHESTER J. CHALUPOWSKI, Jr.**
**MALGORZATA B. CHALUPOWSKI**
             **Plaintiffs**

**v.**

**SHARON D. MEYERS**
             **Defendant**

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT ON THE PLEADINGS

Now come Chester and Malgorzata Chalupowski, the

Plaintiffs in the above captioned action, and oppose:

  (1)  Defendant's Motion to Dismiss pursuant to Rule 12

       (b) (1), and Rule 12 (b)(6);

  (2)  Defendant's alternative Motion for "Summary Judgment

       on the Pleadings."[2]

Before addressing the Argument presented as a part of the

Defendant's "Memorandum" filed in support of Defendant's

Motion to Dismiss, the Plaintiffs will briefly respond to

the statements made in:

---

[1] Defendant filed her Motion under an incorrect docket number: 2005-11138-GAO. The complaint was assigned number 2005-11138-MEL when it was filed. Plaintiffs were not notified about any changes concerning the docket assignment.

[2] Defendant failed to specify whether she is bringing a motion for judgment on the pleadings pursuant to Rule 12 ( c ) of FRCP, or a motion for summary judgment pursuant to Rule 56 of FRCP.

1

(A)   Defendant's 1-page Motion;

(B)   "Summary of the Proceedings" section of the
        Defendant's 12-page Memorandum filed in Support of
        Defendant's Motion to Dismiss;

(C)   Defendant's 7-page Affidavit.

**(A)** In response to the numbered statements made in the
Defendant's Motion, the Plaintiffs state as follows:

1. Contrary to the Defendant's false assertion, this
   Court does have subject matter jurisdiction over the
   Plaintiff's claims. The Defendant did violate the
   Plaintiffs' constitutional rights while performing her
   acts under color of law, in a capacity of a state
   actor, as a "guardian ad litem" appointed by the state
   court. Therefore, the Complaint cannot be dismissed
   under Rule 12 (b) (1) of Fed. R. Civ. P.

2. Contrary to the Defendant's false assertion, the
   Plaintiffs' Complaint is not deficient in any way, and
   clearly states the claims upon which relief can be
   granted. Therefore, the Complaint cannot be dismissed
   under Rule 12 (b) (6) of the Fed. R. Civ. P.

3. Contrary to the Defendant's false assertion, the
   Plaintiffs' Complaint is not a "de facto appeal" from

2

a state court judgment, and the Plaintiffs are not
barred by the Rooker-Feldman doctrine.

4. In an apparent desperate attempt to portray this
   action as "an appeal from a state court judgment," and
   to mislead and confuse this court about the true
   nature of her wrongful acts, Defendant attached to her
   motion 28 exhibits totaling over 250 (!) pages of
   various pleadings coming from the Essex Probate and
   Family Court and the Appeals Court. The inch-thick
   pile of papers is provided with an intention to
   confuse, not to clarify, the picture. It is a smoke
   screen intended to obstruct the view of an elaborate
   legal scheme, and to give a false impression of a
   repulsive complexity of the case. Many of the attached
   documents are in fact self-incriminating. As Justice
   Selya stated in one of his rulings,[3] "sheer bulk
   rarely is an accurate proxy for complexity." The
   instant case constitutes an example confirming this
   view.

(B) In response to the statements made in the "Summary of
the Proceedings" section of the Defendant's Memorandum,
the Plaintiffs state as follows:

---

[3] *Massachusetts School of Law v. American Bar, 142F.3d 26 (1ˢᵗ. Cir. 1998) No. 97-1926, p.1.*

5.  The reasoning contained of the footnote #1 placed on
    page 1 of Defendant's Memorandum is misleading.
    Malgorzata Chalupowski is a party to this case because
    her constitutional rights were violated by the
    Defendant's actions undertaken under color of law. The
    issue when, or whether, the Plaintiffs were married,
    is immaterial. The fact that Malgorzata was not a
    party to the state court proceedings does not have any
    bearing on her standing to bring a federal court
    action. The Plaintiffs are not challenging the state
    court proceedings in the instant action. Thus, the
    sentence, "she lacks standing to challenge those
    proceedings," is redundant, yet puzzling as to why the
    Defendant decided to include this statement in her
    pleading.

6.  From the content of pages 2, 3, and 4, it is apparent
    that the Defendant believes that chaos, confusion, and
    untruths, so successfully applied in developing of the
    scheme within the state court proceedings, may also
    work at the federal venue and, therefore, should be
    imposed on this Court. The effort to confuse this
    Court is deliberate.

7.  The essence of the state court proceedings relevant to
    this action can be simply summarized. The instant

4

federal action arises from the violations of
Plaintiffs' constitutional rights committed by the
Defendant's acting under color of law within an
elaborate legal scheme perpetrated at the trial court
level by continuing to handle cases after they had
been dismissed, appealed, and transferred to the
Appeals Court.

8. The scheme was built by fabricating a protracted,
vexatious litigation resulting from over a dozen
lawsuits filed by Attorney Joseph P. Corona on behalf
of a mentally impaired woman[4] - Donna Chalupowski, of
Salem Massachusetts, against every member of her
immediate family: her mother, Mary Jane Chalupowski,
her sister, Judith Chalupowski-Venuto, and her
brother, Chester Chalupowski, Jr.

9. The first conglomerate of 5 cases (two Superior Court
and three Probate Court) was dismissed or otherwise
disposed of in 1996.

10. At that point Donna Chalupowski, known within the
local community as a "209A Queen," was left "only"
with numerous restraining orders she managed to obtain
through the Salem District Court against her immediate

---

[4] Donna Chalupowski suffers from a severe paranoid personality disorder confounded by substance abuse,
and has been mostly unemployed since ca 1993. The essence of Attorney Corona's modus operandi is aptly
summarized in the Superior Court memorandum (Whitehead J.) issued in Chalupowski v. Corona, No.
031841D (December 18, 2003), a copy of which is attached hereto as *Exhibit 1*.

family members (her brother, her sister, her brother-in-law, her uncle, her cousin, etc.)

11. While enjoying the "benefits" of the variety of her restraining orders (e.g. free accommodation at the family property for herself and third parties), in December 2000 and January 2001, Donna Chalupowski, through Joseph Corona, filed with the Essex Probate Court a new conglomerate of cases against her family members, her mother Mary Jane, her sister, Judith, and her brother, Chester. Three out of the four new cases pertained to the family's realty trust, (two small residential buildings) and the forth case pertained to the family's "money trust" holding ca $170,000.00, and managed by Fidelity Investments.

12. On December 14, 2001, the three cases pertaining to the realty trust were dismissed, leaving only the "money trust" case (00E-0127-GC1) for a trial. Joseph Corona immediately appealed the three dismissals. But the fact was that Corona, for the second time, failed to accomplish his goal which was making money by exploiting Donna Chalupowski's mental deficiencies.[5] This time however, as opposed to his defeat in 1996

---

[5] Joseph Corona was "retained" by Donna Chalupowski on promissory notes, the value of which by 2004, according to his own motion for "attorney's fees," came to over $90,000.00

6

(when after losing in court, he tried to extort
$20,000 from Chester) Corona was left with one still
pending case, and with an important ally, Attorney
Sharon D. Meyers, the Defendant in the instant action.

13. Attorney Meyers had been in the picture since October
2001, when the Probate Court appointed her as guardian
ad litem for Judith Chalupowski-Venuto pursuant to MGL
201, 34. Despite the fact that 49-year-old Judith was
neither a minor, nor was she ever found to be a person
under any disability, Attorney Meyers accepted the
appointment and remained in this position ever since.

14. In the early 2002, Attorneys Corona and Meyers formed
a working alliance, and since the case #00E-0127-GC1
was too simple to lend itself to any manipulation,[6]
Corona and Meyers decided to pretend and proceed as if
the three cases pertaining to the realty trust were
never dismissed. Therefore, they continued to file all
their pleadings under four docket numbers, one correct
and three belonging to the dismissed and appealed
cases. In this way they could still deal with the
matters pertaining to the realty trust.

---

[6] The 00E-127-GC1 case was based on a false allegation that Chester, the trustee, mismanaged and
misappropriated the trust funds. By a simple analysis of the bank records, all of which since 1996 were on
file with the Probate Court, it was easy to prove that nothing was missing from the accounts and that all
disbursements were accounted for.

7

15. In addition, in June 2002, the Defendant, faced with a
    necessity to justify her standing in the Appeals
    Court, furnished the Appeals Court with a document
    allegedly coming from the Probate Court file. Said
    document, a petition to remove Chester as trustee of
    the realty trust, dated January 14, 2002, was never
    filed or docketed with the Probate Court. Indeed, the
    document was never served on the parties, and there is
    no mention of it in any of the court records until it
    shows up in the Appeals Court file in June 2002.
    *Exhibit 2.*[7] The statements made by the Defendant in
    her Affidavit, page 2, (12 and 13) are false, and
    constitute one more example of fraud committed by the
    Defendant who after providing false statements to the
    state courts, is now misrepresenting the truth to the
    federal court.

16. By using three separate means, the Defendant, openly
    supported by other officers of the court, built the
    foundation for the fraudulent scheme aimed at
    defrauding the Chalupowski family from all its real
    and liquid assets, including personal life-savings
    belonging to Chester and Malgorzata Chalupowski, the

---

[7] Exhibit 2 is a copy of the first page of the "petition" in question. The document contains a hand written note dated 8/03, and stating "no complaint filed yet." The note was placed by a Probate Court clerk asked to ascertain whether the "petition" was ever filed.

8

Plaintiffs in the instant action. The three main means
of fraud were: (1) acting as guardian ad litem without
any legal or factual basis justifying such a function;
(2) handling and retrying at the trial court level the
matters dismissed, appealed and pending before the
Appeals Court; (3)providing falsified documents to the
courts.

17. This scheme was gladly supported by the court clerks,
other attorneys (including those hired to defend
Chester, Mary Jane and the family's assets), and most
importantly, by the judges of the Probate Court, John
C. Stevens and Peter C. DiGangi, and of the Appeals
Court, Janis M. Berry.

18. The "perfect crime" game culminated in the summer of
2004, when the main perpetrators hit the jack-pot when
they were allowed to cash-in on their scheme by
several elaborate orders issued by the Probate Court
in May, August, and November 2004, and January 2005.
Pursuant to these orders, the group of court officers
took over the control of all of the Chalupowski family
assets. They also seized, liquidated and distributed
among themselves over $500,000.00 of personal savings
belonging to Chester and Malgorzata Chalupowski. They
even liquidated Chester's retirement account.

19. After enduring for over 10 years the ordeal of an
    unnecessary, devastating vexatious litigation, in the
    early 2003, Chester and Malgorzata tried to alert law
    enforcement authorities about an ongoing scheme, to no
    avail. Faced with a disappointing reluctance of the
    authorities to tackle the matter, and having suffered
    severe damages, Chester and Malgorzata decided to file
    separate court actions against some of the individuals
    instrumental in perpetrating the scheme. They filed:
    **(a)** four federal actions against: (1) Janis M. Berry,
    (USDC CA #2004-11277-GAO; USCA No.05-1193) (2) John C.
    Stevens (USDC CA #2005-10023-NMG; USCA No.05-1926),
    (3) Peter C. DiGangi (USDC CA #2005-10024-RGS; USCA No.
    05-1516), and (4) the instant action against Attorney
    Sharon D. Meyers; as well as **(b)** four actions with the
    Essex Superior Court against: (1) Joseph Corona, ESCV
    2003-1841D, (2) Donna Chalupowski, ESCV 2004-0879A,
    (3) Anthony Metaxas, ESCV 2005-2090B, and (4) Karl F.
    Stammen, ESCV 2005 0201B.

20. These actions (except for the one against Joseph
    Corona) were filed pro se due to the fact that, after
    contacting numerous attorneys, the Plaintiffs
    ascertained that hiring counsel to handle the matters
    would be cost-prohibitive.

(C) In response to the statements made in the Defendant's
Affidavit, the Plaintiffs state as follows:

21. Plaintiffs wish to put this court on notice that the
    Affidavit filed by the Defendant and signed "under the
    pains and penalties of perjury," contains numerous
    false and misleading statements.

22. Therefore, the Plaintiffs are filing a concurrent
    motion pursuant to Rule 56 (g) pertaining to
    Affidavits Made in Bad Faith.


## ARGUMENT

The content of the Defendant's Argument (pages 4
through 12 of the "Memorandum") is chaotic (sic!) and
deliberately confusing. However, amidst the multitude of
various irrelevant and misleading statements, the Defendant
seems to be bringing the following defenses:


### Quasi-Judicial Immunity

Defendant claims that as a court-appointed "guardian
ad litem," she is entitled to absolute quasi-judicial
immunity. The Plaintiffs do not question the well-
established rule of law that guardians ad litem are usually
entitled to quasi-judicial immunity. The question the

11

Plaintiffs pose is whether an illegitimate guardian ad

litem acting within a litigation fabricated by trying

dismissed and appealed cases can be afforded immunity.

Quasi-judicial immunity is afforded to **legitimate** guardians

ad litem acting within the context of **legitimate**

litigations. This is not the case here.

Indeed, the case can be made that, contrary what the

Defendant says in her Affidavit, she was fully aware that

her "ward," Judith Chalupowski-Venuto, never met the

requirements prescribed by law to be eligible to be

represented by a GAL. In fact, it is likely that Judith

(who after defrauding her birth family from the substantial

part of the assets left by her father deceased in 1989,

resorted to playing possum by faking a variety of "mental

problems") for all this time has been a complaisant, albeit

passive, participant of the scheme and was willingly

playing the role of an "incompetent" individual in need of

a GAL. It is quite revealing that, shortly after the scheme

had been completed, in January 2005, Judith miraculously

recovered from her "incompetence" and after over 12 years

of being unemployed, got a job of a telemarketer and filed

for bankruptcy. *Exhibit 3.*

Conclusion: since there has been no legal basis,

whatsoever, for Sharon D. Meyers to act for over three

years as Judith's GAL, the Defendant cannot be given the
benefits of quasi-judicial immunity to which legitimate
guardians acting within legitimate court proceedings are
entitled.

## 42 U.S.C. 1983

After claiming quasi-judicial immunity, the Defendant
makes an attempt to get outside of the umbrella of the 42
USC, 1983, turns around and says that, actually, she was
not a guardian ad litem at all, but rather was acting "more
as a private person," and as such should not be subject to
42 U.S.C. 1983. This argument falls short, since there is
no question that the Defendant acted under color of law,
since the Defendant herself clearly concedes that she was
acting as a court-appointed guardian ad litem (Defendant's
Memorandum p. 2, and Defendant's Affidavit).
There is no question that Defendant held herself (and still
does) to the courts, to the public, and to the Plaintiffs
as "guardian ad litem," used this capacity in each and
every pleading, in oral arguments etc. As stated in *Marr v.
Maine Department of Human Services,* (Me. 2002) No. 01-224-
B-C, "A cause of action under par. 1983 must allege both
the existence of a federal constitutional or statutory
right, and some deprivation of that right as a result of

13

defendant's actions under color of state law. Both of these conditions are met by the Plaintiffs. Indeed, not only do the Defendant's actions fall squarely under the umbrella of the 42 USC, 1983, but the case at bar may be found to be proper for award of punitive damages. As stated in *Powell v. Alexander,* 391 F.3d 1 (1st Cir. 2004) No. 02-2218, "Punitive damages may be awarded under 42 USC, 1983, only where 'the defendant's conduct is shown to be motivated by evil motive of intent, or when it involves reckless or callous indifference to the federally protected rights of others." Being a mastermind of a scheme based on re-trying dismissed and appealed cases, and putting people through a torture of an unnecessary protracted litigation for purely personal pecuniary gain definitely falls into this category.

## Rooker-Feldman Doctrine

Defendant argues that under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to hear Plaintiffs' claims. Defendant is mistaken. As stated in *Todd v. Weltman, Weinberg & Reis. Co., (S.D. Ohio 2004) Case No. C-1-03-171,* "The Rooker-Feldman doctrine takes its name from two Supreme Court cases. In *Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923),* the Supreme Court explained

14

that lower federal courts lack jurisdiction to hear appeals
from state court judgments because the Supreme Court alone
has that power. The Court broadened this rule in *District
of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486,
483 n. 16 (1983), by holding that lower federal courts lack
jurisdiction to hear "challenges to state court decisions
in particular cases arising out of judicial proceedings" or
to decide questions "inextricably intertwined" with state
court judgments."

However, in the instant case the issue before this
court is not who was right, and who was wrong in the state
court litigation. Indeed it is completely irrelevant who
won and who lost in the state court action. The issue
before this court is whether or not the constitutional
rights of the Plaintiffs were violated by the Defendant who
committed numerous instances of fraud while acting under
color of law. The violations of Plaintiffs' constitutional
rights which were directly caused by the Defendant's
unlawful actions committed under color of law, was never
litigated, let alone adjudicated by the state court.
Therefore this action is not an appeal from the state court
judgments. The outcome of this case, unfortunately, will
not void the state court judgments. The question before

15

this court is not whether the state court issued the right judgment.

The issue before this court is whether the state court had the right to issue any judgments at all, and whether the Defendant by causing the state court to act violated Plaintiffs constitutional rights. It may be instructive to look at the reasoning presented in *Marran v. Marran,* 376 F.3d 143 (3rd Cir. 2004) No. 03-3018, in which the 3rd Circuit Court of Appeals reversed the District Court's dismissal based on Rooker-Feldman, because "the Rooker-Feldman doctrine did not preclude the district court from deciding [the 1983] claims, because the ruling that defendants violated [plaintiff's] rights to substantive due process by making recommendations to state court out of malice or personal bias would not have required the court to find the state court judgments made on the basis of those recommendations were erroneous."

The outcome of the instant action will not void the state court orders. Therefore it can not be characterized as an attempted "appeal" of the state court orders.

In fact, it is the Defendant who desperately tries to re-phrase this action as an "appeal" of the state court proceedings. One of the ways the Defendant tries to mislead this court into believing that this action is an appeal of

16

the state court proceedings is attaching over 250 pages of copies of the totally irrelevant state court pleadings to her motion in an obvious attempt to mislead and confuse this court.

Contrary to Defendant's assertion, the Plaintiffs are not asking this court "to review the actions and pleadings" pertaining to the Probate Court cases. The Defendant is the one who is doing it knowing that the federal court is not the forum for such a review.

It is remarkable, however, that while burdening this court with the inch-thick stack of papers, the Defendant omits the documents which are in fact relevant. In fact, the only state court documents relevant to this action at this juncture, are the documents attached hereto by the Plaintiffs as exhibits, evidencing that the three cases were dismissed, appealed, and pending before the Appeals Court, therefore outside of the jurisdiction of the trial court, when the trial court kept handling said dismissed cases. *Exhibit 4.*

In addition, even if Rooker-Feldman Doctrine would be applicable here (which is not the case) three well-recognized exemptions to Rooker-Feldman clearly apply in this action. (A) Rooker-Feldman doctrine does not apply to cases involving parties who were not parties to the state

17

court action; (B) Rooker-Feldman doctrine does not bar
jurisdiction if a federal plaintiff asserts as a legal
wrong an allegedly illegal act or omission by an adverse
party; and (C) Rooker-Feldman does not apply when the
federal issues were not raised in the state court
proceedings. For an argument supporting their statements,
the Plaintiffs hereby refer to, and therefore incorporate
herein by reference the content of their oppositions filed
with this court in the cases: Chalupowski v. Stevens, USDC
CA 2005-10023-NMG, and Chalupowski v. DiGangi, USDC CA
2005-10024-RGS.


## Rule 9 of Federal Rules of Civil Procedure

Defendant claims that the claims asserted by the
Plaintiffs do not meet the requirements specified by Rule 9
(b) of the Federal Rules of Civil Procedure. Defendant's
claim is unsubstantiated. Rule 9 (b) reads: "Fraud,
Mistake, Condition of the Mind. In all averments of fraud
or mistake, the circumstances constituting fraud or mistake
shall be stated with particularity. Malice, intent,
knowledge, and other conditions of mind of a person may be
averred generally."

The Plaintiffs did state with particularity the
circumstances of the fraud, which was handling and trying

cases dismissed, appealed and pending before another state court, filing fraudulent documents with the courts, and unlawful use of the capacity of a court-appointed GAL. As for "other conditions of mind," rule 9(b) clearly states that these "may be averred generally."


## CONCLUSION

Defendant invokes all possible 'vehicles' of disposing of a federal claim, namely: Rule 12 (b) (1), Rule 12 (b) (6), and although indirectly, without actually mentioning specific rules, but in effect, by asking the court for "summary judgment on the pleadings" - Rule 12 (c) for judgment on the pleadings, and/or Rule 56 for summary judgment.

For the reasons stated above, this case should not be dismissed under to Rule 12 (b) (1), or under Rule 12 (b) (6). Also, for the reasons stated above the Defendant should not be entitled to judgment on the pleadings under Rule 12 (c), or to a summary judgment under Rule 56.

## PLAINTIFF'S REQUEST PURSUANT TO RULE 56 (f)

If this Court decides to treat Defendant's motion as a Rule 56 motion for summary judgment, the Plaintiffs hereby request an opportunity to conduct a short discovery in order to be able to present all available evidence for this court's consideration.

Respectfully submitted Pro Se

Chester J. Chalupowski, Jr.
Malgorzata B. Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

Dated: July 5, 2005

## CERTIFICATE OF SERVICE

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the foregoing document was served on the Defendant by delivery.

Chester J. Chalupowski                    Malgorzata Chalupowski

# EXHIBIT 1

# Massachusetts Superior Court

CHALUPOWSKI, JR. v. CORONA, No. 031841D (December 18, 2003)

Chester J. Chalupowski, Jr. individually and as Trustee of the 26-30

Andrew Street Realty Trust et al. v. Joseph P. Corona.

No. 031841D.

Commonwealth of Massachusetts Superior Court.

ESSEX, SS.

Memorandum Dated December 18, 2003.

[EDITOR'S NOTE: The following text has been unpublished.]
WHITEHEAD, J.

The motion to dismiss is allowed in part and denied in part.
With respect to Count I, no construction of the facts as alleged
permits the conclusion that the relationship between plaintiff
and defendant was commercial in nature. Given that the defendant
was not engaged in trade or commerce with the plaintiff there can
be no recovery under G.L.c. 93A. *Tetrault v. Mahoney Hawkes and
Goldings*, 425 Mass. 456, 463 (1997). See also *First Enterprises
Limited v. Cooper*, 425 Mass. 344, 347-48 (1997).

With respect to Count II, Massachusetts law is unsettled as to
the scope of any immunity which an attorney might enjoy against a
challenge by non-clients to his initiation of litigation. See
generally *Beecy v. Priciarelli*, 387 Mass. 589, 593, fn. 7
(1982). The trend may well be toward limiting that immunity.
*Id.* Even were such immunity still deemed to cover most
situations where the attorney was purporting to act in the
interests of his client, that is not the situation alleged here.
What is alleged here is that the attorney has commenced repeated
suits solely to advance his own interests and that the client is
merely a dupe who has lent her name as a party plaintiff. Any
policies advanced by principles of attorney immunity are not
relevant to that kind of situation and, hence, in the view of the
Court, the immunity cannot extend to it.

As to the substance of the claim set forth in Count II, the
Court notes that conduct over and above the bringing of
groundless litigation is alleged. The Court is not prepared to
say, as a matter of law, that the totality of the defendant's
alleged conduct was not sufficiently "extreme and outrageous" to
satisfy the core element of a claim for intentional infliction of
emotional distress.

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved

**EXHIBIT 2**

*[handwritten: No complaint filed ya 8/03]*

'EALTH OF MASSACHUSETTS

PROBATE & FAMILY COURT
DOCKET NO. 94P 0314 C-1
00E 0126
00E 0127
01E 0005-GC1

)   PETITION OF JUDITH VENUTO
)   TO REMOVE CHESTER J.
)   CHALUPOWSKI, JR. AS TRUSTEE
)   OF 26-30 ANDREW STREET
)   REALTY TRUST

Now comes the Petitioner, Judith (Chalupowski) Venuto in the above-entitled

matter and moves this court to remove Chester Chalupowski as Trustee of the 26-30

Andrew Street Realty Trust.

As grounds therefore, the Petitioner states that the Trustee has:

1.   Failed to file accountings to the beneficiaries, on the 15th day of each

month, commencing July 15, 1996, rending an accounting to the Trustees

of all income received and funds disbursed for the preceding month,

pursuant to the order of Highgas, J. dated July 3, 1996;

2.   Failed to act appropriately as manager of the property, delegating the

management authority to another entity who failed to manage the property

in an appropriate manner;

3.   Misappropriated funds to be used for the benefit of the Trust;

4.   Wasted the Trust assets;

5.   Performed other acts inconsistent with his fiduciary responsibilities to the

trust.

eabody
(city or town)                    Essex
                              (county)

**EXHIBIT 3**

IN RE Chai Venuto, Judith M. _____   Case No. _____
                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP | | AGE |
| | | | |
| | | | |
| | | | |
| EMPLOYMENT: | DEBTOR | | SPOUSE |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Telemarketer (Part-Time)** | |
| Name of Employer | **GNA Mortgage Group, Inc.** | |
| How long employed | **One And One Half Months** | |
| Address of Employer | **40 Bayfield Drive** | |
| | **North Andover, MA 01845** | |

Income: (Estimate of average monthly income)

|  | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rata if not paid monthly) | $ __769.17_ | $ _____ |
| Estimated monthly overtime | $ _____ | $ _____ |
| **SUBTOTAL** | $ __769.17_ | $ _____ |
| LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and Social Security | $ __180.22_ | $ _____ |
|   b. Insurance | $ _____ | $ _____ |
|   c. Union dues | $ _____ | $ _____ |
|   d. Other (specify) _____ | $ _____ | $ _____ |
|   _____ | $ _____ | $ _____ |
| **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ __180.22_ | $ _____ |
| **TOTAL NET MONTHLY TAKE HOME PAY** | $ __588.95_ | $ _____ |
| | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ _____ | $ _____ |
| Income from real property | $ _____ | $ _____ |
| Interest and dividends | $ _____ | $ _____ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ __325.00_ | $ _____ |
| Social Security or other government assistance (Specify) **SSI - Disability** _____ | $ __657.00_ | $ _____ |
|   _____ | $ _____ | $ _____ |
| Pension or retirement income | $ _____ | $ _____ |
| Other monthly income (Specify) _____ | $ _____ | $ _____ |
|   _____ | $ _____ | $ _____ |
|   _____ | $ _____ | $ _____ |
| **TOTAL MONTHLY INCOME** | $ __1,570.95_ | $ _____ |

**TOTAL COMBINED MONTHLY INCOME $ _____1,570.95** (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

*(left margin, vertical text)* © 1993-2004 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

IN RE Chal Venuto, Judith M. _____    Case No. _____

                                         Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding unsecured claims without priority against the debtor or the property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **13029120**<br><br>**American Honda Finance**<br>**P.O. Box 6070**<br>**Cypress, CA 90630** | | | Account opened May, 2000. | | | X | 6,832.00 |
| Account No.<br><br>**Attorney Sharon Meyers**<br>**30 Federal Street**<br>**Salem, MA 01970** | | | Attorney's fees for work on Divorce Motion. Case Docket No. 92D1607 in the Salem Probate and Family Court. | | | | 3,000.00 |
| Account No.<br><br>**Attorney Sharon Meyers**<br>**30 Federal Street**<br>**Salem, MA 01970** | | | On going litigation Case No. 94P0314 since 1994 regarding property management control of a trust. | | | | 30,000.00 |
| Account No.<br><br>**Chester J. Chalupowski, Jr.**<br>**119 Water Street, # 65**<br>**Beverly, MA 01915** | | | Assignee or other notification for:<br>**Attorney Sharon Meyers** } | | | | |
| Account No.<br><br>**Donna Chalupowski**<br>**26 Andrew Street**<br>**Salem, MA 01970** | | | Assignee or other notification for:<br>**Attorney Sharon Meyers** | | | | |

____**2** Continuation Sheets attached

Subtotal
(Total of this page)    **39,832.00**

(Complete only on last sheet of Schedule F)  **TOTAL**  [        ]

(Report total also on Summary of Schedules)

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

IN RE Chai Venuto, Judith M. _____ Case No. _____
                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 5770 9131 1861 5719 <br><br>**Card Processing Center**<br>P.O. Box 9204<br>Old Bethpage, NY  11804 | | | **Spiegel Acct. opened November, 1998.** | | | | <br><br><br>1,045.00 |
| Account No. 5396-8280-4955-9912 <br><br>**Cardmember Services**<br>P.O. Box 44167<br>Jacksonville, FL  32231 | | | **Opened approximately Spring, 1994.** | | | | <br><br><br>7,923.20 |
| Account No. <br><br>**Citicorp Services Litigation Division**<br>AT&T Acct. # 5396 8280 4955 9912<br>7920 Northwest 110th Street<br>Kansas City, MO  64153 | | | **Assignee or other notification for:**<br>**Cardmember Services** | | | | |
| Account No. 5183-3885-4000-7959 <br><br>**Chase Manhattan Bank USA, N.A.**<br>P.O. Box 15919<br>Wilmington, DE  19850 | | | **Account Opened September, 2002.** | | | | <br><br><br><br>6,338.26 |
| Account No. <br><br>**Chase Recovery Department**<br>Account # 5183 3885 4000 7959<br>4915 Independence Parkway<br>Tampa, FL  33634 | | | **Assignee or other notification for:**<br>**Chase Manhattan Bank USA, N.A.** | | | | |
| Account No. 4032-1100-8901-3180 <br><br>**Chase Recovery Department**<br>Account # 4032 1100 8901 3180<br>4915 Independence Parkway<br>Tampa, FL  33634 | | | **Account Opened January, 2000.** | | | | <br><br><br>23,457.33 |
| Account No. <br><br>**National Enterprise System**<br>Chase Acct. # 4032 1100 8901 3180<br>2912 South Solon Road<br>Solon, OH  44139 | | | **Assignee or other notification for:**<br>**Chase Recovery Department** | | | | |

Sheet _____1 of _____2 Continuation Sheets attached to Schedule F

| | Subtotal (Total of this page) | 38,763.79 |
|---|---|---|

(Complete only on last sheet of Schedule F)  **TOTAL** |
(Report total also on Summary of Schedules)

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Chal Venuto, Judith M. _____    Case No. _____

Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5424-1801-9573-4048** <br><br> **Citi Cards** <br> **Box 6500** <br> **Sioux Falls, SD  57117** | | | **Account Opened June 2002** | | | | 11,346.00 |
| Account No. <br><br> **ARS Recovery** <br> **Citi Platinum Card # 5424 1801 9573 4048** <br> **P.O. Box 469046** <br> **Escondito, CA  92046** | | | **Assignee or other notification for:** <br> **Citi Cards** | | | | |
| Account No. **5424-1804-8642-3426** <br><br> **Citi Cards** <br> **Box 6500** <br> **Sioux Falls, SD  57117** | | | **Account Opened June, 1994.** | | | | 3,472.00 |
| Account No. <br><br> **Lindner & Associates, PC** <br> **Citi Platinum Card # 5424 1804 8642 3426** <br> **P.O. Box 920435** <br> **Needham, MA  02492** | | | **Assignee or other notification for:** <br> **Citi Cards** | | | | |
| Account No. **7584 3690 0000 1** <br><br> **Eastern Bank** <br> **Loan Operations / EP4-10** <br> **195 Market Street** <br> **Lynn, MA  01901** | | | **Account opened Dec., 1997.** | | | X | 1,498.00 |
| Account No. **4205 3670 17720** <br><br> **Macys East/Jordan Marsh** <br> **9111 Duke Blvd.** <br> **Mason, OH  45040** | | | **Account Opened Nov. , 1976.** | | | | 66.00 |
| Account No. | | | | | | | |

Sheet _____ **2** of _____ **2** Continuation Sheets attached to Schedule F

Subtotal (Total of this page)    **16,382.00**

(Complete only on last sheet of Schedule F)  **TOTAL**    **94,977.79**

(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT 4

17

Commonwealth of Massachusetts    FILED DEC 2 1 2001

Probate and Family Court

ESSEX Division                    Docket No.01E 0005 GC1

Petition of Donna M. Chalupowski
To Remove Mary Jane Chalupowski and
Judith Venuto Chalupowski, as Trustees and        **Notice of Appeal**
Chester J. Chalupowski, Jr. as Manager of
the Chalupowski Realty Trust

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the
Judgment of this Court(Stevens J.) dated , December 14, 2001 allowing the Motion to
Dismiss.

Dated: December 21, 2001                    Respectfully submitted,
                                            Donna M. Chalupowski
                                            By Her Attorney

                                            Joseph P. Corona
                                            B.B.O.No.100360
                                            265 ESSEX Street
                                            Salem, Massachusetts 01970
                                            978 744-8851

**Certificate of Service**

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing
Notice of Appeal was served by mail, postage prepaid, upon the attorneys of
record for each party, or upon each party.

Dated: December 21, 2001

                                            Joseph P. Corona

## Commonwealth of Massachusetts

## Probate and Family Court

ESSEX Division                     Docket No.00E 0126 GC1

F I L E D DEC 2 1 2001

Donna M. Chalupowski
      Plaintiff

v.                                    **Notice of Appeal**

Chester J. Chalupowski Jr.
Individually and as Trustee of
26 Through 30 Andrew Street Realty Trust
      Defendant

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the Judgment of this Court(Stevens J.) dated , December 14, 2001 allowing the Motion to Dismiss.

Dated: December 21, 2001

                        Respectfully submitted,
                        Donna M. Chalupowski
                        By Her Attorney

                        Joseph P. Corona
                        B.B.O.No.100360
                        265 ESSEX Street
                        Salem, Massachusetts 01970
                        978 744-8851

## Certificate of Service

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing Notice of Appeal was served by mail, postage prepaid, upon the attorneys of record for each party, or upon each party.

Dated: December 21, 2001

                        Joseph P. Corona

Commonwealth of Massachusetts

Probate and Family Court

ESSEX Division                          Docket No.94 P 0314 C1

In Re:
The Matter of the
Chalupowski Family Realty Trust              F I L E D DEC 3 1 2001

Notice of Appeal

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the
Judgment of this Court(Stevens J.) dated ,February 13, 2001.

Dated: December 21, 2001                    Respectfully submitted,
                                            Donna M. Chalupowski,
                                            By Her Attorney

                                            Joseph P. Corona
                                            B.B.O.No.100360
                                            265 ESSEX Street
                                            Salem, Massachusetts 01970
                                            978 744-8851

Certificate of Service

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing
Notice of Appeal was served by mail, postage prepaid, upon the attorneys of
record for each party, or upon each party.

Dated: December 21, 2001

                                            Joseph P. Corona

Commonwealth of Massachusetts

Probate and Family Court

ESSEX Division

Docket No.94 P 0314 C1

In Re:
The Matter of the
Chalupowski Family Realty Trust

: I L E D DEC 21 2001

## Notice of Appeal

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the
Judgment of this Court(Stevens J.) dated , December 14, 2001 denying Motion for New
Trial and Amend of Judgment.

Dated: December 21, 2001

Respectfully submitted,
Donna M. Chalupowski
By Her Attorney

Joseph P. Corona
B.B.O.No.100360
265 ESSEX Street
Salem, Massachusetts 01970
978 744-8851

## Certificate of Service

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing
Notice of Appeal was served by mail, postage prepaid, upon the attorneys of
record for each party, or upon each party.

Dated: December 21, 2001

Joseph P. Corona



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX** DIVISION

DOCKET NO. 01E0005GC1

REGISTER'S OFFICE

00E0126GC1
00E0127GC1
94P0314 – CROSS REF.

DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST _____ Plaintiff

VS.

Defendant

# Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

Kim J. Wright, Assistant Register

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION                         DOCKET NO. 01E0005GC1
                                                   00E0126GC1
REGISTER'S OFFICE                                  00E0127GC1
                                                   94P0314 - CROSS REF. ✓

DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST        Plaintiff

                    VS.

_____ Defendant

# Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

_____
Kim J. Wright, Assistant Register

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX DIVISION**

REGISTER'S OFFICE

DOCKET NO. 01E0005GC1

00E0126GC1
00E0127GC1 ✓
94P0314 — CROSS REF.

DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST          Plaintiff

VS.

_____Defendant

## Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

_Kim J. Wright_
Kim J. Wright, Assistant Register

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### THE PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX DIVISION**

REGISTER'S OFFICE

DOCKET NO. 01E0005GC1
00E0126GC1
00E0127GC1
94P0314 – CROSS REF.

DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST          Plaintiff

VS.

_____Defendant

# Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

_____
Kim J. Wright, Assistant Register

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX, SS.                              DOCKET NO. _94P0314C1_
                                                    _00E0126 GC1_
_Chalupowski Family Trust_ Plaintiff                _00E01276C_
                                                    _01E000 5GC_ ✓

                    v.                           __TRIAL DATE NOTICE__

_____Defendant

     The pending _Removal, Acct, fees + all matter_ is assigned for TRIAL on _Nov. 25 + 26, 2003_
at _Salem_ at ✓Salem __ Lawrence __ Newburyport (Probate session at District Court)

     Upon information contained in the trial date request form, this case has been classified as
✓CONTESTED __ UNCONTESTED, and has been allocated ____ _2 Days_ ____ trial time.

**Do not call the trial department for a continuance.   A written motion MUST be presented.**

**If the Probation Department has conducted an investigation, please notify them of the
hearing date.**

____ A current financial statement is required at the time of trial.
____ Form R408 MUST be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of
        completion of the Parent Education Program MUST be filed by both parties PRIOR
        to trial or a divorce CANNOT be granted.

__ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL
THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT
THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL
DEPARTMENT IF THE CASE IS SETTLED.__

To: _J. Vilet_
    _S. Meyus_
    _Venuto_
    _D. Chalupowski_
    _D. Chalupowski_
    _E. Corova_
    _P. Erlich_

Notice sent: _9_ _3_ / 2003



COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

94P0314C1

ESSEX, SS.                          DOCKET NO. 00E0126 6C
                                              00E0127 6C
_Chalupowski Family Trust_ ~~Plaintiff~~      01E 0005 6C

                    v

                                    TRIAL DATE NOTICE

_____ ~~Defendant~~


The pending _Removal, Costs, fees + all matters_ is assigned for TRIAL on _Nov. 25 +26, 2003_

at _9:00_ at ✓ Salem ___ ~~Lawrence~~ ___ ~~Newburyport (Probate session at District Court)~~


✓ Upon information contained in the trial date request form, this case has been classified as
CONTESTED ___ UNCONTESTED, and has been allocated _2 Days_ trial time.


Do not call the trial department for a continuance.   A written motion MUST be presented.

If the Probation Department has conducted an investigation, please notify them of the
hearing date.


____ A current financial statement is required at the time of trial.
____ Form R408 MUST be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of
completion of the Parent Education Program MUST be filed by both parties PRIOR
to trial or a divorce CANNOT be granted.


ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL
THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT
THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL
DEPARTMENT IF THE CASE IS SETTLED.


To: J. Welch          J. Corova
    J. Meyers         J. Alice
    J. Veguto
    D. Chalupowski
    G. Chalupowski         Notice sent: _7/2_ / 2003
    G. Judice



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX, SS.**

DOCKET NO. *94P0314C1*
*012 00056C*
*0020126*
*0020127*

*Chalupowski, Et* ~~Plaintiff~~

*v*

**TRIAL DATE NOTICE**

_____ ~~Defendant~~

The pending *Accts/Remove trustee* is assigned for TRIAL on *Feb. 25 + 26, 2003* at *9:00* at ✓ Salem __ ~~Lawrence~~ __ Newburyport ~~(Probate session at District Court)~~

✓ Upon information contained in the trial date request form, this case has been classified as __✓CONTESTED __ UNCONTESTED, and has been allocated *2 Days* trial time.

**Do not call the trial department for a continuance.   A written motion MUST be presented.**

**If the Probation Department has conducted an investigation, please notify them of the hearing date.**

____ A current financial statement is required at the time of trial.
____ Form R408 MUST be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of completion of the Parent Education Program MUST be filed by both parties PRIOR to trial or a divorce CANNOT be granted.

**ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL DEPARTMENT IF THE CASE IS SETTLED.**

To: *S. Meyers*
*K. Stamnsen*
*J. Corona*
*G. Venuto*

Notice sent: *8/20* 2002

COMMONWEALTH OF MASSACHUSETTS

**APPEALS COURT**
**CLERK'S OFFICE**
**1500 NEW COURT HOUSE**
**BOSTON, MASSACHUSETTS 02108**
**(617) 725-8106**

Essex County Probate and Fam. Ct
Office of the Register
36 Federal Street
Salem, MA 01970

RE:  No. 2003-P-0217

　　　DONNA M. CHALUPOWSKI
　　　　　vs.
　　　JUDITH CHALUPOWSKI VENUTO & another

　　　Lower Court Docket number 94P0314C1,
　　　　　　　　　　　　　01E0005GC1, 00E0126GC1, 00E0127GC1

NOTICE OF ENTRY

　　　In accordance with Massachusetts Rule of Appellate Procedure
10(a)(3), please note that the above-referenced case was entered in
this Court on February 13, 2003.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　The Clerk's Office

Dated: February 13, 2003



# Commonwealth of Massachusetts
## Trial Court of the Commonwealth
### Probate and Family Court Department
#### Essex Division

*For Internal Use Only For January 22, 2004*

| Time: 08:30 a.m | Location: Salem Pre-Trial Session | | Judge: DiGangi, H | |
|---|---|---|---|---|
| Docket No. | Case Name | Attorneys | Type of Action | Notes |
| 00E0126GC1 | CHALUPOWSKI, DONNA M. vs. CHALUPOWSKI, CHESTER J. JR. CHALUPOWSKI, CHESTER J. JR. as STAMMEN, K. | CORONA, J. Pro Se | STATUS CONFERENCE, General Complaint | |
| 00E0127GC1 | CHALUPOWSKI, DONNA M. vs. CHALUPOWSKI, CHESTER J. JR. CHAL-VENUTO, JUDITH M. | CORONA, J. TEWHEY, J. Pro Se . | STATUS CONFERENCE, General Complaint | |
| 01E0005GC1 | CHALUPOWSKI, DONNA M. vs. CHALUPOWSKI, JUDITH VENUTO CHALUPOWSKI, CHESTER J. JR. CHALUPOWSKI, MARY JANE | CORONA, J. MEYERS, S. Pro Se | STATUS CONFERENCE, General Complaint | |
| 94P0314C1 | CHALUPOWSKI, MARY JANE CHALUPOWSKI, DONNA CHALUPOSKI, CHESTER J. , et al. | CORONA, J. Pro Se | STATUS CONFERENCE, Conservatorship | |

| Time: 09:00 a.m | Location: Salem Trial Session | | Judge: DiGangi, H | |
|---|---|---|---|---|
| Docket No. | Case Name | Attorneys | Type of Action | Notes |
| 91D2460DV1 | VITALE, GLORIA J. vs. HOLLIS, WILLIAM P. | DALTON, S. Pro Se | CONTESTED TRIAL, Divorce | |