UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11138-GAO

CHESTER J. CHALUPOWSKI, JR. and
MALGORZATA B. CHALUPOWSKI,
Plaintiffs,

v.

SHARON D. MEYERS,
Defendant.

## ORDER
August 11, 2005

O'TOOLE, D.J.

After review of the verified complaint and the briefs filed in support of and in opposition to the defendant Sharon D. Meyers's motion to dismiss (Dkt. No. 2), I conclude that the motion ought to be and hereby is GRANTED.

Although the complaint asserts that it is brought under 42 U.S.C. § 1983 and other federal statutes and constitutional provisions, the separately enumerated "counts" appear to assert only state law claims. If the only claims presented are state law claims, then subject matter jurisdiction is lacking, it being plain from the face of the complaint that the parties are not citizens of different states, and dismissal is appropriate.

On the other hand, construing the complaint liberally in favor of the pro se plaintiffs, it may be assumed for present purposes that the complaint does set forth federal claims under § 1983. From the face of the complaint it is clear that the defendant is sued for actions taken while serving as a

guardian ad litem appointed by a state court. In this capacity, the defendant was not acting "under color of state law" for purposes of § 1983. See Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (affirming dismissal of § 1983 claim against guardian ad litem who was not acting under color of state law); Meeker v. Kercher, 782 F.2d 153, 154-55 (10th Cir. 1986) (per curiam) (same); Malachowski v. City of Keene, 787 F.2d 704, 710-11 (1st Cir. 1986) (per curiam) (same).[1]

Sections 1503, 1510 and 1511 of Title 18 of the United States Code, also referred to in the complaint, do not give rise to a civil action for damages. See Scherer v. United States, 241 F. Supp.2d 1270, 1282 (D. Kan. 2003), and cases cited therein. See also Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

The action is dismissed for lack of subject matter jurisdiction.

It is SO ORDERED.

 August 11, 2005                         \s\ George A. O'Toole, Jr.
DATE                                     DISTRICT JUDGE

---

[1] While each of the ten counts in the verified complaint alleges that the defendant's tortious and criminal conduct was done under color of state law, none appears to allege how any of the plaintiffs' constitutional rights were impacted.

2